**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:26-cr-00001-GMN-NJK |
| Plaintiff, | FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |
| v. | |
| GREGORY URBANEK, | |
| Defendant. | |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1.     The continuance is necessary for the following reasons.  First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

2.     The client is on bond and consents to the continuance.

3.     Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

4.     The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5.     The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

1

6.      Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7.      Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the first stipulation to continue filed herein.

### CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

## ORDER

IT IS THEREFORE ORDERED that the parties herein shall have to and including May 18, 2026 to file any and all pretrial motions and notice of defense.

IT IS FURTHER ORDERED that the parties shall have to and including June 1, 2026 to file any and all responses.

IT IS FURTHER ORDERED that the parties shall have to and including June 8, 2026 to file any and all replies.

IT IS FURTHER ORDERED that trial briefs, proposed voir dire questions, proposed jury instructions, and a list of the Government's prospective witnesses must be electronically submitted to the Court by the 23rd day of _____ July _____, 2026.

IT IS FURTHER ORDERED that the calendar call currently scheduled for March 17, 2026 at 9:00 a.m., be vacated and continued to July 28, 2026 at the hour of 9:00 am.; and the trial currently scheduled for March 23, 2026 at 8:30 a.m., be vacated and continued to August 3, 2026 at the hour of 8:30 a m.

DATED this 23 day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE