TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
TINA M. SNELLINGS
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Tina.Snellings@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY URBANEK,<br><br>Defendant. | Case No.: 2:26-cr-00001-GMN-NJK<br><br>MEMORANDUM IN SUPPORT OF GUILTY PLEA WITHOUT PLEA AGREEMENT |

There is no plea agreement in this case. Government counsel has been notified that defendant intends to change his plea of not guilty to guilty without the benefit of a plea agreement. *See* ECF No. 21. This Memorandum is to aid the Court in advising defendant of the consequences of a guilty plea under Fed. R. Crim. Pro. 11(b).

## I. Charges

Defendant is charged by an indictment with engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Count One); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(8) (Counts Two, Three, and Four). *See* ECF No. 1.

## II. Penalties

A. Statutory

The statutory maximum sentence the district court can impose for a violation of engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) as charged in Count One is: five years of imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

The statutory maximum sentence the district court can impose for each violation of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) as charged in Counts Two, Three, and Four is: 15 years of imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

The total maximum sentence for all offenses to which defendant is pleading guilty is: 50 years of imprisonment; 12 years of supervised release; a fine of $1,000,000 or twice the gross gain or loss resulting from the offense, whichever is greater; and a mandatory special assessment of $400.

B. Advisory Sentencing Guidelines

The sentence imposed will be under 18 U.S.C. § 3553(a). In determining the sentence, the Court must consider the United States Sentencing Guidelines ("USSG"). The USSG are only advisory and are just one factor for the Court to consider in arriving at a fair, just, and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions, which are used to determine the advisory offense level and

criminal history category under the Sentencing Guidelines. After the Court makes this decision, it then may impose a sentence within the applicable Guideline range or any sentence the Court deems reasonable and sufficient but not greater than necessary to comply with the purposes of § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished. However, under USSG § 5D1.1, a term of Supervised Release following any period of imprisonment is required when the term of imprisonment is more than a year. Under 18 U.S.C. § 3559(a)(3), this is a Class C felony and, therefore, pursuant to USSG § 5D1.2(a)(2), a term of Supervised Release of at least one year but not more than three years must be ordered.

Under the provisions of USSG § 5E1.2, a fine must be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, USSG § 5E1.2(e) allows the District Court to waive the fine, impose a lesser fine or an alternative sanction, such as community service, if defendant establishes that he does not have the ability to pay a fine and is not likely to become able to pay any fine.

Both 18 U.S.C. § 3663 and USSG § 5E1.1 permit restitution as deemed appropriate by the Court. A mandatory special assessment under 18 U.S.C. § 3013 and USSG § 5E1.3 of $100.00 per count must be imposed for the offense.

C. Advisory Sentencing Guidelines Specific to this Case

The provisions of USSG § 2K2.1 outline the Base Offense Level and offense level enhancements based upon Specific Offense Characteristics. The Government reiterates that this section of the memorandum is to advise defendant of consequences associated with his plea of guilty. It is not intended to, nor does it in any way, limit Total Offense Level or Criminal History calculations made by the United States Office of Probation in defendant's Presentence

Investigation Report.

**i. Base Offense Level – USSG § 2K2.1(a)(4 )(B)(i)(I) and (ii)(I)**

Specifically, as to defendant's case, USSG § 2K2.1(a)(4 )(B)(i)(I) and (ii)(I) provides a base offense level of 20 if the offense involved "semiautomatic firearm that is capable of accepting a large capacity magazine . . . and defendant was a prohibited person at the time the defendant committed the instant offense . . . ."

**ii. Specific Offense Characteristics – USSG § 2K2.1(b)**

Defendant should also be advised that the specific characteristics of his offense will result in an increase in the offense level calculation under the Sentencing Guidelines. For instance, USSG § § 2K2.1(b)(1)(B) provides for a 4-level enhancement because the offense involved fourteen firearms.

**III. Elements**

Count One: The elements of engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) are as follows:

First: the defendant was willfully engaged in the business of dealing in firearms; and

Second: the defendant did not then have a license as a firearms dealer.

*See* Ninth Circuit Model Criminal Jury Instruction 14.3 (Aug. 2026 ed.).

Counts Two, Three and Four: The elements of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) are as follows:

First: the defendant knowingly possessed a firearm;

Second: the firearm had been transported from one state to another or between a foreign nation and the United States;

Third: at the time the defendant possessed the firearm, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

Fourth: at the time the defendant possessed the firearm, the defendant knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

*See* Ninth Circuit Model Criminal Jury Instruction 14.15 (Aug. 2026 ed.).

**IV. Facts Necessary to Support the Guilty Plea**

Beginning on or about April 30, 2025, and continuing up to and including on or about June 17, 2025, in the State and Federal District of Nevada Gregory Urbanek ("Urbanek") committed the following acts:

In relation to Counts One and Two: On or about April 30, 2025, Urbanek knowingly possessed and willfully sold to an undercover ATF agent:

- a Winchester, 67, .22 caliber rifle, bearing no serial number;
- a Marlin, 60G, .410 caliber shotgun, bearing no serial number;
- a Remington Arms Co., 878, 12-gauge shotgun, bearing serial number 62715L;
- an Akkar Silah Sanayi Tic, Charles Daly Field, 20-gauge shotgun, bearing serial number 8606248;
- a Voere, Cougar, .30-06 caliber rifle, bearing serial number P46252; and
- a New England Firearms, Pardner, 20-gauge shotgun, bearing serial number NT355711.

In relation to Counts One and Three: May 9, 2025, Urbanek knowingly possessed and willfully sold to an undercover ATF agent:

- a Smith & Wesson, SD40VE, .40-caliber pistol, bearing serial number FZJ3847;

- a Vezir Silah Sanayi, Carrera B100, 12-gauge shotgun, bearing serial number 21VZ1591;
- a Mossberg, 500A 12-gauge shotgun, bearing serial number L157314;
- a Springfield Armory, M1, .30-caliber rifle, bearing serial number 5379834;
- a Hatfield Gun Co., PAS, 12-gauge shotgun, bearing serial number 12P20000228;
- a DPMS Inc., A-15 .223 rifle, bearing serial number FH231838; and
- a Mossberg, MVP 7.62 mm rifle, bearing serial number MVP081538.

In relation to Counts One and Four: June 17, 2025, Urbanek knowingly possessed and willfully sold to an undercover ATF agent a DPMS Inc., A-15 .223 caliber rifle, bearing serial number F131894K. This firearm was a semi-automatic firearm capable of accepting a high-capacity magazine and a compatible 100 round magazine was supplied with it.

At the time Urbanek engaged in the business of dealing the above-listed firearms Urbanek was not a licensed dealer.

At the time Urbanek knowingly possessed the above-listed  firearms, he knew he had been convicted of:

- Attempted Grand Larceny in the District Court of Nevada, Clark County, on or about September 2, 2010, in case number C263437-1;
- Possession of Firearm by Ex-Felon in the District Court of Nevada, Clark County, on or about March 22, 2013, in case number C283698-1; and
- Trafficking in Controlled Substance in the District Court of Nevada, Clark County, on or about August 15, 2016, in case number C316062-1;

all of which are crimes punishable by imprisonment for a term exceeding one year. The possession of the above-listed firearms were shipped and transported in interstate and foreign

commerce.

**V. Waiver Of Certain Appellate Rights**

By pleading guilty without the benefit of a plea agreement, the defendant is entering an unconditional guilty plea. United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005). "An unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." Id.

DATED: November 6, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General of the United States

*/s/ Tina Snellings*
TINA SNELLINGS
Assistant United States Attorney